**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4453**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMIE DUANE THOMAS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:16-cr-00297-WO-1)

Submitted:  March 30, 2018                                           Decided:  April 9, 2018

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Duane K. Bryant, LAW OFFICES OF DUANE K. BRYANT, High Point, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Eric Iverson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In August 2016, a federal grand jury returned a three-count indictment charging Jamie Duane Thomas with production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (2012) (Count 1), and two counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (2012). Thomas pled guilty to Count 1, pursuant to a written plea agreement, and the district court imposed a 240-month downward variant sentence. Thomas appeals, challenging only his sentence. We affirm.

Thomas' first two appellate contentions pertain to the determination of his criminal history score. Because Thomas did not object to any aspect of the presentence report in the district court, our review of the Sentencing Guidelines calculations is limited to plain error. *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017) (discussing standard of review); *see Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343, 1345 (2016) (describing plain error standard in context of Guidelines calculation). To show plain error, Thomas must demonstrate "that (1) an error was committed, (2) the error was plain, and (3) the error affected [his] substantial rights." *United States v. Price*, 777 F.3d 700, 711 (4th Cir. 2015).

Thomas first claims the district court erred in assigning two criminal history points to each of the two sentences imposed after a state court revoked his previously imposed probationary terms. Specifically, in September 2015, Thomas was convicted in state court of twice violating a protective order. Both of these violations resulted in 75-day sentences, suspended, and 12-month terms of probation. In October 2016, following Thomas' arrest on charges related to the criminal conduct underlying the federal

2

indictment, the state court revoked Thomas' probation and reinvigorated the suspended sentences, with credit for time-served. The district court assigned two criminal history points to each of these sentences.

To the extent Thomas challenges the district court's application of the relevant Guidelines provisions, we discern no error, plain or otherwise. Specifically, for purposes of counting sentences under U.S. Sentencing Guidelines Manual § 4A1.1(a)-(c) (2016), a term of imprisonment that is imposed pursuant to a revocation sentence is added to any term of imprisonment already served for the underlying conviction.[1] USSG § 4A1.2(k)(1). Here, the 2016 revocation sentences, which were for 72 and 74 days, respectively, were added to otherwise suspended sentences. The Guidelines clearly instruct sentencing courts to assign 2 criminal history points "for each prior sentence of imprisonment of at least [60] days," USSG § 4A1.1(b), but not "exceeding one year and one month," USSG § 4A1.1(a), that is imposed within 10 years of the instant offense, *see* USSG § 4A1.2(e)(2), (k)(1).

Thomas attempts to sidestep this straightforward scoring by arguing that the revocation sentences do not qualify as "prior sentences," as that term is used in the Guidelines, because they penalized conduct that was part of the instant offense. This argument relies on the limitation set forth in the Guidelines commentary, which instructs that "[a] sentence imposed after the defendant's commencement of the instant offense,

---

[1] This provision flatly contravenes Thomas' alternative contention that, at most, these sentences should have been assigned one criminal history point each under USSG § 4A1.1(c), because the initial jail terms were suspended.

but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense."  USSG § 4A1.2 cmt. n.1.

To be sure, the instant § 2251 offense was at least one aspect of the conduct that violated Thomas' probation.[2]  However, as the Government aptly notes, a sentence imposed upon the revocation of a probationary term punishes the offense underlying the probationary sentence—not the conduct that violated the probation.  *See Alabama v. Shelton*, 535 U.S. 654, 662 (2002) ("A suspended sentence is a prison term imposed for the offense of conviction.  Once the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense.").  We thus conclude that the revocation sentences were properly scored.[3]

Thomas next contends that the district court erred in assigning two criminal history points under USSG § 4A1.1(d) based on its finding that he committed the instant federal offense while under the criminal justice sentence related to the protective order violations.  Critical to this contention is Thomas' assertion that § 2251 is violated "on the date the defendant 'uses' the minor in producing the child pornography, not some later

---

[2] As the Government points out, Thomas' failure to pay court-ordered fees was a second basis for revoking his probation.

[3] Thomas also argues that the revocation sentences should be treated as a single sentence because each violation was based essentially on the same *de minimis* conduct and the sentences were imposed by the same court, on the same day.  But as Thomas acknowledges, the two sentences are properly qualified as "separate" under the Guidelines because the discrete instances of conduct violative of the protective order were separated by an intervening arrest.  *See* USSG § 4A1.2(a)(2) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest.").

date defined by possession or transportation of the image." (Appellant's Br. at 27). But Thomas fails to identify any controlling Fourth Circuit or Supreme Court authority that is on point. As such, we conclude that Thomas has failed to demonstrate that the purported computational error is plain. *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (explaining that "[a]n error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred" (internal quotation marks omitted)). Furthermore, even if the court did err in assigning these two criminal points, the error does not affect Thomas' substantial rights as he would be placed in criminal history category III regardless of whether he had four or six criminal history points. *See* USSG ch. 5, pt. A (sentencing table) (reflecting that criminal history category III encompasses the range of four to six criminal history points). Accordingly, this claim fails on both the second and third prongs of plain error review.

Finally, then, is Thomas' challenge to the district court's denial of a three-level reduction for acceptance of responsibility, which we review for clear error. *United States v. Burns*, 781 F.3d 688, 692 (4th Cir. 2015). We "give great deference to the district court's decision because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (alteration and internal quotation marks omitted). "To earn the [acceptance-of-responsibility] reduction, a defendant must prove to the court by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017) (internal quotation marks omitted). A guilty plea does not

5

automatically entitle a defendant to a reduction for acceptance of responsibility.  USSG § 3E1.1 cmt. n.3; *Dugger*, 485 F.3d at 239.

The record reveals that Thomas made statements both times the court convened for sentencing and that, at both hearings, he resisted fully admitting his illegal actions.  At the first hearing, Thomas went so far as to assert that the primary criminal act in which he engaged—video recording his minor niece while she used the bathroom in his home—was accidental, despite the fact that he was recorded installing the video camera only seconds before his niece used the bathroom and removing it immediately after.  Although later afforded the opportunity to recant that statement or otherwise admit to his crime, Thomas was unable to do so.  By insisting that the recording was accidental and failing to correct that assertion, Thomas effectively denied an element of the § 2251 offense—that the "sexually explicit conduct" was engaged in "for the purpose of producing any visual depiction of such conduct."  18 U.S.C. § 2251(a).  Such a denial, in turn, contests the defendant's guilt, which is incompatible with an acceptance-of-responsibility reduction. *United States v. Smoot*, 690 F.3d 215, 225 (4th Cir. 2012).  We thus discern no clear error in the district court's ruling.

For these reasons, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*